In the Matter of the Estate of CARL R. SWANSON, Deceased.

Surrogate's Court, Erie County, June 10, 1937.

*Congdon & Congdon [Charles E. Congdon* of counsel], for the executor.

*George H. Smith,* for Lena Swanson, surviving spouse.

*Alvin Carlson* and *Christopher Carlson,* legatees under said will, in person.

HART, S. Carl R. Swanson died at Gowanda, Erie county, N. Y., on the 31st day of January, 1937, leaving a last will and testament which was admitted to probate by this court on the 31st day of January, 1937, by which he devised all his real and personal property to his two cousins, Christopher Carlson and Alvin Carlson, and made no provision therein for his surviving spouse, Lena B. Swanson.

The said decedent, Carl R. Swanson, was married to Lena B. Swanson on the 14th day of November, 1931, and no divorce or separation was had between the decedent and his said wife, and there is no issue of said marriage.

It was stipulated on the hearing of this proceeding that on or about the 19th day of December, 1932, the said decedent paid

to his wife the sum of $3,900, and said wife executed a receipt and a release dated December 19, 1932, which said receipt and release reads as follows, except as to the signatures and acknowledgment:

" *To all to whom these presents shall come, or may concern:*

" *Greeting:* Know Ye, That I, Lena B. Swanson, of Schenectady, New York,...................................................... for and in consideration of the sum of Thirty-Nine Hundred Dollars ($3900.00), lawful money of the United States of America to me in hand paid by Carl R. Swanson, of Collins, N. Y., the receipt whereof is hereby acknowledged, have remised, released, and forever discharged, and by these presents do for myself, my heirs, executors and administrators, of and from all, and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckoning, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, and also for any claim for alimony, maintenance or support which against the said Carl R. Swanson, I, Lena B. Swanson, ever had, now have or which my heirs, executors or administrators, hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of these presents.

" *In Witness Whereof*, I have hereunto set my hand and seal the 19th day of December in the year Nineteen Hundred and Thirty-Two.

" In presence of

..........................L. S.

..........................L. S.

" State of New York
County of Schenectady  *ss:*
City of Schenectady

" On this 19th day of December Nineteen Hundred and Thirty-Two, before me, the subscriber, personally appeared Lena B. Swanson, to me personally known and known to me to be the same person described in and who executed the within instrument, and she duly acknowledged to me that she executed the same.
.......................................
" *Notary Public.*"

It was further stipulated on the hearing that the original of said copy of such receipt and release was duly signed and acknowledged by the said Lena B. Swanson and delivered to her deceased husband on the 19th day of December, 1932, and that said parties lived separate and apart from and after December 19, 1932.

It was further stipulated that the determination of the right of election of said surviving spouse be determined solely on the legal effect of the release executed by her on December 19, 1932.

Such receipt and release was a general release releasing the said Carl R. Swanson, and his estate, from all claims which the said Lena B. Swanson then had, or which her heirs, executors or administrators hereafter, thereafter, can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of said release.

The right of election given to the surviving spouse is a right that accrued only on the death of the decedent, was in no way provided for in this release, and apparently not contemplated therein.

I am of the opinion that the release is ineffective to bar the right of election of Lena B. Swanson, the surviving spouse, and that she is entitled to all of the rights given her under section 18 of the Decedent Estate Law.

A decree may enter accordingly.